## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14031-BLOOM

DELFON BLAIR,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.

                                     /

## **ORDER**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On December 13, 2021, Plaintiff Delfon Blair filed a Complaint pursuant to 42 U.S.C. § 1983, ("Complaint"), ECF No. [1-1], and an Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [1].[1] The Complaint and Application were filed in the United States District Court for the Southern District of Ohio but are now before the Court pursuant to a transfer order. ECF No. [2]. For the reasons set forth below, the Complaint is dismissed without prejudice, and the Application is denied as moot.

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).

(11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, No. 19-11797-C, WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (alteration in original) (quotation omitted). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level" with "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff's Complaint is unintelligible. First, there are a number of procedural deficiencies with Plaintiff's Complaint. The following is an illustrative list of deficiencies: (1) Plaintiff lists his own name as both "Plaintiff" and "Defendant" in the case caption, *id*. at 1; (2) Plaintiff names "State of Florida/Judge Roby" as additional plaintiffs, *id.*; and (3) in the "Statement of Claim" section of the form, Plaintiff states that "he is the only Defendant," *id.* at 5. Plaintiff does not raise

any allegations against the State of Florida or Judge Roby, nor does he allege that either party is entitled to relief. Next, Plaintiff's allegations in the body of the Complaint are incoherent. *Id.* at 5. He alleges that he was involved in a physical altercation with an unnamed individual and that he was injured. Plaintiff does not state the time, location, or date of the physical altercation. Plaintiff was then arrested and charged with assault. *Id.* Plaintiff complains that his "employment [has] been done wrong." *Id.* (alteration added). He requests new employment, education, and "99 million[] and more." *Id.* (alteration added).

Plaintiff's Complaint is frivolous and fails to state a claim. Even affording Plaintiff the latitude required of a *pro se* pleading, Plaintiff's Complaint is unintelligible and therefore it is difficult for the Court to discern Plaintiff's factual allegations let alone the existence of any cause of action. Under the standard set forth in *Twombly/Iqbal*, the assertions presented do not warrant relief. *See Cox v. United States*, No. 20-62372-CIV, 2021 WL 1178493, *2 (S.D. Fla. Feb. 10, 2021) ("The Complaint consists of incomprehensible and unsupported assertions not warranting federal review."), *report and recommendation adopted*, 2021 WL 117486 (S.D. Fla. Mar. 29, 2021); *Cain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (per curiam) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish," and stating that the court should not have been put through the trouble of adjudicating the meritless appeal).

Accordingly, it **is ORDERED AND ADJUDGED** that the Complaint, **ECF No. [1-1]**, is **DISMISSED WITHOUT PREJUDICE** as frivolous and for ailing to state a claim. The Clerk of Court is directed to mark the case as **CLOSED**, and any pending motions are **DENIED AS MOOT**.

Case No. 22-cv-14031-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 21, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Delfon Blair, *Pro Se*
255180
Inmate Mail/Parcels
Summit Behavioral Healthcare
SBH Unit (A)
1101 Summit Rd.
Cincinnati, OH 45237