UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14031-BLOOM

DELFON BLAIR,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Delfon Blair's Motion for Reconsideration, ECF No. [6] ("Motion"). The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Court dismissed Plaintiff's Complaint as frivolous and for failing to state a claim. *See* ECF No. [5] at 3 ("Even affording Plaintiff the latitude required of a *pro se* pleading, Plaintiff's Complaint is incomprehensible and therefore it is difficult for the Court to discern Plaintiff's factual allegations let alone the existence of any cause of action."). In the instant Motion, Plaintiff argues that he was held to a "lawyer level standar[d]" instead of "pro se standar[d]s." ECF No. [6] at 1 (alterations added). Plaintiff then raises several unintelligible and seemingly unconnected allegations before reasserting his request for monetary damages. *See id.* ("The medical department [Plaintiff] was in, in the jail and the other guy got hurt; on suicide watch. When the emplo[y]ee did not place one of them in the empty room. Then the failure to appear was dismissed by Insenhouser[.] So [Plaintiff] never supposed to been arrested to catch the new assault." *Id.* (alterations added).

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time." *Hood*, 300 F. App'x at 700 (citation and internal quotation marks omitted).

Upon review, Plaintiff's Motion is due to be denied because it fails to set forth any ground warranting reconsideration. The Motion is largely unintelligible. But even given the most liberal construction, the Motion amounts to no more than a disagreement with the Court's reasoning and ultimate conclusions set forth in the dismissal order. ECF No. [6]; *see* ECF No. [5]. This is not a proper basis for reconsideration. *See Z.K. Marine Inc*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through— rightly or wrongly." (alterations adopted; citations omitted)); *see also Roggio v. United States*,

Case No. 22-cv-14031-BLOOM

2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." (alterations added; citation and internal quotations omitted)). In short, Plaintiff has not shown the need to correct clear error or prevent manifest justice, or any other basis warranting reconsideration of dismissal.

Accordingly, it **is ORDERED AND ADJUDGED** that the Motion for Reconsideration, **ECF No. [6]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 17, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Delfon Blair, *Pro Se*
255180
Inmate Mail/Parcels
Summit Behavioral Healthcare
SBH Unit (A)
1101 Summit Rd.
Cincinnati, OH 45237